Chief Justice Boiee
delivered the Opinion of the Court.
This is a writ of error, prosecuted by the plaintiff, to a judgment rendered for the defendant, in an action of ejectment.
The only question in the case, grows out of instructions given by the circuit court to the jury, on the trial of the cause in that court.
The cause was tried upon the general issue ; .and on the trial, the plaintiff produced in evidence a patent from the Commonwealth to Matthew Clay, bearing date the 8th of June, 1797, for the land in controversy, and proved that Matthew Clay died in 1813, leaving the lessors of the plaintiff, his children and heirs at law, who then were infants, under the age of twenty-one j and that one of them had not attained the age of twenty one at the commencement of this suit, and (hat Matthew Clay, their ancestor, was a resident of Virginia, whore he died, and had not been within this Commonwealth since the cmenation of the patent.
The defehdant, besides producing other evidence about which no question of law was made, and need not, therefore, be stated, proved that they, and those under whom they claim, had been in the adverse possession of the land in dispute for more than twenty years before the commencement of this suit; and, at their instance, the court instructed the jury :
That if they believed, from the evidence, that the defendants, and those under whom they claim, had been in the actual adverse possession of the land in controversy" twenty years before the commencement of the suit, then all the lessors of the plaintiff, who had been of the age of tweiffy-one years three years before the commencement of said suit, were barred from recovering.
To the giving this instruction, the plaintiff excepted.
Some other instructions were given at the instance of the defendants, and some refused which *147 were asked for by tbe plaintiffs, to the giving and refusal of which, the plaintiff also excepted ; but as they involve no point of law which will not, in effect, be decided by deciding upon the instruction last stated, it is not thought necessary that they should be particularly detailed.
Right of entry does not. accrue until tbe date of thq. grant from tbe State, and not till then docs the 20 years’ limitation, by act of ’S6, rommeneo. 2 Dig. L. K. 860, i■>.
Where the • right of entry descends to heirs whó aro all within the exceptions of the act of >06, they had, by that act, 10 years after the disability is removed from all, to eater or sue,.
Where the ancestor’s right of en* try had been preservad under the act of’9fionly, by his absence from the State,the infancy of his heirs will Dot avail •¡.hem..
*147 In the discussion of the instruction given by the circuit court to the jury, which wo have stated, it is material to remark, that it is of the general statute of limitations of 1796, and of that of 1814, amendatory of the former, which the defendants have attempted to avail themselves as a bar to tbe plaintiffs’ recovery in this case $ ami, consequently, it is upon the provisions of these statutes alone, that the circuit court predicated its instruction to the jury.
By the statute of 1796, the right of entry, upon which the action of ejectment is founded, is only tolled, or taken away, by an adverse possession of twenty years $ and by the exception contained in that statute, notwithstanding there may have been twenty years adverse possession, yet if the party having the right of entry, labor under any of tbe disabilities therein mentioned, his right is saved until ten years after the disability is removed. Now it is ebvious, as the right of entry of Matthew Clay, the ancestor of the lessors of the plaintiffs, only accrued to him on the emanation of his patent, and he died in less than twenty years thereafter, his right of entry at his death, could not have been tolled by an adverse possession of twenty years.
His right, therefore, without regard to his absence from Ibis country, still remained in him, and on his death, must have descended to the lessors of the plaintiff, bis heirs at law, and as’they all la-, bored under tbe disability of infancy, when the right of entry-thus accrued to them, they are within the exceptions contained in the statute of 1796, and their right to make their entry upon the land, and, of course, to maintain their action for its recovery, is thereby saved until ten years after their disability is removed.
Had there been twenty years adverse possession against their ancestor, after tbe emanation of the patent to him, and before his death, his right could *148 only have been saved in virtue of his disability, resulting from bis absence from the country ; and as there can be no accumulation of disabilities by adding one to .another, and thereby to protract th© time allowed for snaking an entry, or bringing an action, the lessors of the plaintiffs would have had no right to avail themselves, of their own disability for that purpose.
The hoiTs must 1)0 all trader disabilities when H)o right of entry descomí?, and then they had, by the act of’96, 10 years after disability was removed from a.1).
The act of • ?8!4only reduced Oie limitation to Ibe right of entry, aftef ibe disabilities are removed from ail, from tea to three years.
So if some of them had been above the age of twenly-one when the, right descended to them, the infancy of the, others would not have brought them within the exception contained in the statute of 1796, and thereby saved their right, as has been repeatedly decided by this court. But as the proof shows there was not twenty years adverse possession against the ancestor of the lessors of the plaintiffs, after hia right accrued, and before his death, and that they wpre ail infants when the right descended to them, it is plain that they are within the exception of the statute of 1796 5 and on the score of their own disability, resulting from their.infancy, they are allowed thereby ten years after their disability shall have been removed, for making their entry. or bringing their action,.
The only effect of the statute of 18Í4, as it regards (he disability of infancy, is to curtail the time from ten years, which is allowed by the statute of 1796, to three years, for bringing their action by infants., after their disability is removed $ anti the main question then is, whether, if some of the lessors of the plaintiff were, of the age of twenty-one. more than three years before the, commencement of the action, they were barred from recovering, notwithstanding others of them were infants? This question was decided in the affirmative by the circuit pourt, in the instructions under consideration ; but \yc cannot concur with that court.
We have already observed, that the whole of the lessors of ihe plaintiff must have been infants, token the right accrued to them, in order to be within the exceptions contained in the statute $ but as they were thus shown to be within the exception, they are allowed three years to bring their action after their disability shall have been removed j and most. *149 certainly, their disability, resulting from their infancy, cannot be said to have been removed until the whole of them had arrived at the age of twenty-one.
An error in instructions, is not cured by the court afterwards instructing' directly the contrary, and so leaving the jury to digest the contradiction, the error should be-retracted.
Turner for plaintiffs ; Caperlon for defendants.
The circuit court has, itself, in a subsequent instruction given to the jury, at the instance of the plaintiffs in that court, maintained this doctrine , but we cannot admit this cures the error in the former instruction. A circuit court may, and indeed ought, when it has discovered that it has misdirected the jury on a point of law, to correct its own error. But this could only be done by telling the jury that the first direction was to be disregarded by them, and, at the same time, instructing them what the law is upon the point; but in this instance, the Judge has left both the contradictory instructions to the jury, without intimating any change of his opinion upon the subject. Such contradictory instructions, without any indication which is to be preferred, is worse than no instructions, being rather calculated fo distract and perplex the jury, than to enlighten their minds upon the law of the case.
The judgment must be reversed with costs, and the cause be remanded, that a venire de novo may be awarded, and other proceedings had, not inconsistent with this opinion.